**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| THOMAS THOMPSON, on behalf of plaintiff and a class, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 2:09-cv-311 |
| BAC HOME LOANS SERVICING, L.P. and BAC GP, LLC, | ) ) ) | |
| Defendants. | ) ) | |

**BAC HOME LOANS SERVICING, L.P.'S AND BAC GP, LLC'S
MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants BAC Home Loans Servicing, L.P. and BAC GP, LLC (collectively, "BAC

Home Loans"), submit this memorandum of law in support of their Motion to Dismiss Plaintiff's

Complaint.

**I.      INTRODUCTION AND BRIEF STATEMENT OF FACTS**

On September 25, 2009, Plaintiff, Thomas Thompson, filed a complaint on behalf of

himself and a purported class of persons similarly situated. Complaint, Dkt. 1. According to

Plaintiff, he had a mortgage loan ("Mortgage") secured by property located in Valparaiso,

Indiana that, until September 1, 2009, was serviced by Taylor, Bean & Whitaker Mortgage

("TBW"). Compl., ¶ 13. The Mortgage is in default and, on July 9, 2009, Plaintiff filed a

Chapter 13 bankruptcy petition in an effort to cure the default.[1] Compl., ¶ 14.

---

[1]      Plaintiff's Complaint does not include the date of the bankruptcy filing, but Plaintiff's Chapter 13 bankruptcy petition is attached hereto as Exhibit A. The Court may take judicial notice of this document without converting this motion into one for summary judgment. *See e.g., General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997); *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977).

In early September 2009, servicing of the Mortgage was transferred from TBW to BAC, including the right to collect monthly mortgage payments from Plaintiff.  Compl., ¶¶ 15-16. BAC Home Loans sent Plaintiff a "Notice of Assignment, Sale or Transfer of Servicing Rights" letter ("Servicing Notice") that notified Plaintiff of the transfer of mortgage loan servicing from TBW to BAC, welcomed him to BAC Home Loans and advised him of BAC's contact information, including where he could send his scheduled monthly mortgage payments or address any other questions.[2]  Compl., ¶ 15 incorporating Ex. A.  Plaintiff alleges that the Servicing Notice is a "form document intended for use by [BAC] as the initial document it sent to a consumer whose loan it acquired from [TWB]." Compl., ¶ 24.

Plaintiff argues that BAC Home Loans violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692g ("Section 1692g") because it did not send Plaintiff the requisite notice ("Validation Notice") within five days after its "initial communication" with Plaintiff. Compl., ¶ 26.  The Validation Notice is a written notice that includes the amount of the debt, the name of the creditor to whom the debt is owed, and statements about validating or disputing the amount of the debt.  15. U.S.C. §1692g; *see also* Compl., ¶ 27.  Plaintiff contends that BAC Home Loans' alleged failure to send the Validation Notice within five days of sending the Servicing Notice warrants his recovery of statutory damages, attorneys' fees and other litigation expenses. Compl., Prayer for Relief.

Plaintiff's claim fails because the Servicing Notice sent by BAC Home Loans was not a debt collection communication that triggered the Validation Notice requirements.  Moreover, even if the Servicing Notice *were* a debt collection communication (which it is not), BAC Home Loans was precluded from sending the Validation Notice to Plaintiff because of Plaintiff's

---

[2]     The Real Estate Settlement Procedures Act (RESPA), 12 U.S., §2605(b) required both the former servicer TBW and new servicer BAC Home Loans to send notice to plaintiff and all other borrowers whose loans had been transferred by TBW.

pending bankruptcy. The automatic stay provisions of the U.S. Bankruptcy Code prohibit certain communications with debtors, including the Validation Notice. BAC Home Loans therefore had a valid and lawful reason not to send Plaintiff the Validation Notice and, accordingly, Plaintiff's Complaint should be dismissed.

## II.   LEGAL ANALYSIS

### A.   Standard Of Review.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a plaintiff's complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The court may also consider all allegations made in the complaint as well as any attachments accompanying the complaint. FED. R. CIV. P. 10(c). In this case, the facts pled in the Complaint do not support a claim of relief against BAC Home Loans.

### B.   BAC Home Loans' Servicing Notice was not an FDCPA communication that would trigger an obligation to issue the Validation Notice.

BAC Home Loans was required, pursuant to the Real Estate Settlement Procedures Act ("RESPA"), to send Plaintiff the Servicing Notice in order to notify him in writing of the transfer of the servicing of his loan. 12 U.S.C § 2605(b). This type of communication does not qualify as debt collection under the FDCPA; accordingly, BAC Home Loans did not undertake any debt collection actions and Plaintiff's FDCPA claim fails as a matter of law.

It is settled that only communications with a debtor that relate to the collection of a debt implicate the FDCPA. *Bailey v. Security National Servicing Corp.*, 154 F.3d 384, 388 (7th Cir. 1988); *Oppong v. First Union Mortgage Corp.*, 566 F. Supp. 2d 395 (E.D. Pa. 2008). Here, the Servicing Notice was not a debt collection communication; instead, it merely informed Plaintiff of the transfer of servicing of his mortgage and the location where he should direct future monthly mortgage payments as well as any questions about the servicing of his loan, as required by RESPA. The correspondence sent by BAC Home Loans is similar to the correspondence in *Oppong* and *Bailey*, neither of which constituted debt collection communications. *Oppong*, 566 F. Supp. 2d at 403 (mortgage loan servicing company prevailed on FDCPA claim because it had not attempted to collect a mortgage debt and had simply notified the mortgagor that his account had been transferred to it for servicing, as required by RESPA); *Bailey*, 154 F.3d at 388 (letter from mortgage company informing borrowers of due dates of upcoming payments and a warning that failure to pay the monthly installments would cause a forbearance agreement to become null and void was not a debt collection communication under the FDCPA).[3]

By sending Plaintiff a Servicing Notice to inform him of the transfer of servicing of the Mortgage, BAC Home Loans did not engage in "debt collection" and thus Plaintiff cannot prove the "threshold requirement of the FDCPA … that the prohibited practices are used in an attempt

---

[3]      Plaintiff may argue that the Servicing Letter's inclusion of the statement "this communication is from a debt collector" establishes that the communication is a debt collection letter under the FDCPA and BAC acted as a debt collector. However, a company's inclusion of such language and its self-identification as a debt collector is not automatically dispositive of whether the company actually is acting as a debt collector with regard to a particular communication (or that its letters are debt collection communications) for purposes of the FDCPA. *Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, Case No. 06-3103, 2007 U.S. Dist. LEXIS 67826, *17 (D. Minn., September 12, 2007) (firm's reasonable inclusion of FDCPA disclaimers in its communications with the mortgagor, in the exercise of caution, did not establish that the firm held itself out as a debt collector or estop the firm from denying status as a debt collector); *Alexander v. Omega Mgmt., Inc.*, 67 F. Supp. 2d 1052 (1056 (D. Minn. 1999) (finding that inclusion of FDCPA language in notices does not estop defendant from denying that it is a debt collector) (same); *Prince v. NCO Financial Services, Inc.*, 346 F. Supp. 2d 744 (E.D. Pa. 2004); *Calkins v. Shapiro & Anderson, LLC*, Case No. 05-815, 2005 U.S. Dist. LEXIS 33185, *17 (D. Ariz. December 13, 2005) (debt collection language in letter was not an accurate statement of defendant's relationship to plaintiff).

to collect a 'debt.'" *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir. 2000) (there must be an attempt to collect a debt for the FDCPA to apply).   Accordingly, the five-day period within which BAC Home Loans was allegedly supposed to have sent Plaintiff a Validation Notice was never triggered and Plaintiff's claim should be dismissed.

**C.    Even if BAC Home Loans' Servicing Notice *were* a debt collection communication that triggered obligations under Section 1692g, BAC Home Loans could not send Plaintiff a Validation Notice without violating the automatic stay provisions of the U.S. Bankruptcy Code.**

Even if BAC Home Loans' Servicing Notice did trigger the five-day period within which to send the Section 1692g Validation Notice, Plaintiff's claims still would fail.   Plaintiff's bankruptcy filing precludes any recovery against BAC Home Loans because the automatic stay provision set forth in the U.S. Bankruptcy Code prohibits a collector from sending a Validation Notice to a debtor in bankruptcy.

Plaintiff's Chapter 13 bankruptcy petition triggered the automatic stay provided in 11 U.S.C.`§ 362 ("Section 362(a)").   The automatic stay prevents any further action by BAC Home Loans, or other creditors, to "collect, assess, or recover a claim against the debtor... ."   Section 362(a)(6).   One of the primary goals of the bankruptcy laws is to protect the debtor from creditors' collection efforts until discharge from bankruptcy.   To serve this goal, Congress enacted Section 362(a), which "bars assessment against the bankrupt of any claim that arose before the commencement of the bankruptcy proceeding." *Id.; see also In re Duke*, 79 F.3d 43, 44-45 (7th Cir. 1996); *Matthews v. Rosene*, 739 F.2d 249, 251 (7th Cir. 1984), *Maloy v. Phillips*, 197 B.R. 721, 722 (M.D. Ga. 1996).[4]

---

[4]    As the legislative history of Section 362(a) states:

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors.  It stops all collection efforts, all harassment and all foreclosure actions.  It permits the debtor to

By its own terms, Section 362(a)(6) applies to "any act" and "prevents creditors from attempting in any way to collect a pre-petition debt." *Id.* It has been broadly construed and is designed to keep creditors from coercing or harassing debtors to collect pre-petition debts. *Id.* This broad prohibition encompasses the type of communication contemplated by Section 1692g. Sending the Validation Notice would violate the Section 392(a) automatic stay because it would be "yet another step forward in the statutorily created collection process," and would "amount[] to pressure on the debtor to pay." *Maloy*, 197 B.R. at 722; *see also Divane v. A, A & C Electric Co.*, 193 B.R. 853, 859 (N.D. Ill. 1996). The Validation Notice "suggests to a debtor that collection efforts are ongoing, and have not been halted by the bankruptcy petition ... [and] may cause 'inexperienced, frightened, or ill-counseled debtors [to] succumb to suggestions to repay notwithstanding their bankruptcy.'" *Id.*

If BAC Home Loans had sent Plaintiff the Validation Notice, which is considered to be a creditor's attempt to collect a pre-petition debt, it would have violated the automatic stay under Section 392(a). *See e.g., Maloy*, 197 B.R. 721 (Section 362(a)(6) prohibits a collector from sending the Section 1692g notice); *Buckley v. Bass & Associates*, Case No. 99 C 4044, 2000 U.S. Dist. LEXIS 10306 (N.D. Ill. July 14, 2000) (same); *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, 1999 U.S. Dist. LEXIS 6933, *5 (N.D. Ill. April 19, 1999) (same). The facts of *Maloy* are similar to the present case. In *Maloy*, the defendant creditor did not send the Validation Notice because the plaintiff borrower had filed for bankruptcy. The plaintiff sued the creditor for its alleged non-compliance with the FDCPA. Finding that sending the debtor a Validation Notice would have been another step in the debt collection process, the *Maloy* court

---

attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

*Maloy*, 197 B.R. 721 at *5.

found that the creditor made the correct decision and granted summary judgment in its favor. 197 B.R. 721.

The courts that have addressed the intersection between Sections 392(a) and 1692g have acknowledged that the creditor is faced with a "Hobson's choice" or a "Catch-22." Alane A. Becket, *An Uneasy Harmony: The Intersection of the Bankruptcy Code and the Fair Debt Collection Practices Act*, 21-2 AM. BANKR. INST. JOURNAL, 21-2 (2002); *Maloy*, 197 B.R. at 723. As stated by the court in *Maloy*:

> Defendant's situation was a catch-22. One statute told him to go left, and the other right. Erring on the side of caution, defendant chose to terminate all communications with debtor. In the court's best judgment, defendant made the right choice by honoring the automatic stay.

*Maloy*, 197 B.R. at 723. In fact, one court has gone so far as to suggest that the FDCPA is precluded in the bankruptcy context, as follows:

> Attempting to reconcile the debt validation procedure contemplated by [the] FDCPA with the claims objection process under the [Bankruptcy] Code results in the sort of confusion and conflicts that persuades us that Congress intended that [the] FDCPA be precluded in the context of bankruptcy cases. We fail to understand how [Appellant] could comply with [Section] 1692g and its various notice and informational requirements because those provisions conflict with the [Bankruptcy] Code and Rules.

*In re Chaussee*, 399 B.R. 225, 239 (9th Cir. 2008). Even if the FDCPA is not precluded, it is well settled that there can be no FDCPA violation when a creditor, such as BAC Home Loans, chooses not to send the Section 1692g Validation Notice requirement because it would violate the Bankruptcy Code's automatic stay.

Here, the court can take notice of the precise language of the Servicing Notice, which plaintiff has attached and incorporated into the complaint (See Compl. ¶15 and Ex. A), and which demonstrates BAC Home Loans' understanding of the "catch 22" and intent to comply with the debtor protections of the Bankruptcy Code. The Servicing Notice materials indicate in

bold face type on the final page: "<u>IMPORTANT NOTICE TO BORROWERS WHO ARE</u> <u>DEBTORS IN A CURRENT BANKRUPTCY PROCEEDING</u>." [emphasis in original]  In a subsequent paragraph, the following language appears in the Servicing Notice:

> "<u>We [BAC Home Loans] are Aware of Your Bankruptcy Rights</u>. If you are currently in a bankruptcy proceeding, or have received a discharge of the home loan debt, this notice is for informational purposes only.  The notice and the courtesy payment coupon attached are not intended as an action to recover or enforce a claim nor a demand for the payment of a debt in violation of the automatic stay or post discharge injunction, each of which you are entitled to under applicable bankruptcy law.  The automatic stay and the post-discharge injunction both automatically protect you from things like collection calls, letters and other attempts to collect."  (see Compl., ¶ 15 and Ex. A, [emphasis in original])

This language makes clear to the recipient that the Servicing Notice is for informational purposes only and that BAC Home Loans is not attempting take any collection action.  Accordingly, Plaintiff's claim fails as a matter of law and should be dismissed.

### III.    CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants, BAC Home Loans Servicing, L.P. and BAC GP, LLC, respectfully request that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and order such other and further relief as is just and necessary.

Dated: December 1, 2009

Respectfully submitted,

**HOEPPNER WAGNER & EVANS LLP**
Attorneys for Defendants,
BAC Home Loans Servicing, L.P. and
BAC GP, LLC

By:   /s/ F. Joseph Jaskowiak
         F. Joseph Jaskowiak
         Attorney No.: 4998-64

HOEPPNER WAGNER & EVANS LLP
1000 East 80th Place, 6th Floor South
Merrillville, IN  46410
(219) 769-6652 (tel)
(219) 738-2349 (fax)
jjaskowiac@hwelaw.com

*and*

Derek S. Holland, Attorney No. 6285564
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago, Illinois  60601
(312) 602-5000 (tel)
(312) 602-5050 (fax)
derek.holland@bryancave.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record on the 1st day of December, 2009, through the court's electronic filing system, as follows:

Michael McIlree / mcilree1@aol.com

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle St., 18th Floor
Chicago, Illinois  60603

Respectfully submitted,

**HOEPPNER WAGNER & EVANS LLP**
Attorneys for Defendants,
BAC Home Loans Servicing, L.P. and
BAC GP, LLC

By:   /s/ F. Joseph Jaskowiak
　　　F. Joseph Jaskowiak
　　　Attorney No.: 4998-64

HOEPPNER WAGNER & EVANS LLP
1000 East 80th Place, 6th Floor South
Merrillville, IN  46410
(219) 769-6652 (tel)
(219) 738-2349 (fax)
jjaskowiac@hwelaw.com