UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS THOMPSON, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) Case No. 2:09-cv-311 ) ) Judge Springmann |
| v. | ) Mag. Judge Rodovich ) |
| BAC HOME LOANS SERVICING, L.P. and BAC GP, LLC, | ) ) ) |
| Defendants. | ) ) |

**BAC HOME LOANS SERVICING, L.P.'S AND BAC GP, LLC'S
<u>REPLY IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

Defendants BAC Home Loans Servicing, L.P. and BAC GP, LLC (collectively, "BAC Home Loans") submit this Reply in support of their Motion to Dismiss Plaintiff's Complaint.

**A.     Introduction**

Plaintiff's Response fails to demonstrate how BAC Home Loans is subject to liability in this matter and fails to rebut the valid reasons set forth in BAC Home Loans' Motion to Dismiss (and supporting memorandum of law ("Memorandum")) explaining why it did not send Plaintiff the debt validation notice ("Validation Notice") or otherwise violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692g ("Section 1692g").  BAC Home Loans was justified in not sending Plaintiff the Validation Notice for two reasons.  First, Plaintiff's pending Chapter 13 bankruptcy triggered the automatic stay provisions provided in 11 U.S.C. § 362 ("Section 362(a)") that prevented BAC Home Loans from sending the Validation Notice. Second, the "Notice of Assignment, Sale or Transfer of Servicing Rights" letter ("Servicing Notice") that BAC Home Loans sent to Plaintiff on September 11, 2009 was not under an "initial communication" that triggered the five-day period mandated by Section 1692g.  Plaintiff cannot

allege or otherwise demonstrate that the communication was intended as an attempt to collect a debt; instead the document clearly indicates it is not.

Plaintiff attempts to overcome these hurdles by relying heavily on a Seventh Circuit case that has no applicability to the facts of this case. *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004). As demonstrated below, the case is entirely distinguishable, as *Randolph* involved an actual dunning letter and there were no conflicting statutory provisions at issue in that case. On the other hand, the cases that have specifically addressed the conflict between Section 1692g and Section 362(a) have adopted the position asserted by BAC Home Loans. Accordingly, Plaintiff cannot state a claim for relief under FED. R. CIV. P. 12(b)(6) and his Complaint should be dismissed, with prejudice.

**B.**    ***Randolph* is inapposite and actually supports BAC Home Loans' decision not to send Plaintiff the Validation Notice in light of the automatic stay provisions of the U.S. Bankruptcy Code.**

Plaintiff states that *Randolph* is "controlling law" and "involved exactly the same facts as this case." (Response, p. 4.) This mischaracterizes both the holding in *Randolph* and the facts of this case, particularly because *Randolph* actually supports BAC Home Loans' position. The *Randolph* court merely held that the Bankruptcy Code does not implicitly repeal the FDCPA and found that a debtor in bankruptcy who received a dunning letter from a debt collector could pursue claims against the debt collector. 368 F.3d at 732. The central issue in *Randolph* was whether or not negligent efforts to collect debts from debtors in bankruptcy could result in liability under the FDCPA or whether plaintiffs were limited to seeking recovery under the Bankruptcy Code. 368 F.3d at 728. The defendants in *Randolph* argued that the debtor's FDCPA claims were preempted by the Bankruptcy Code, but their argument was rejected by the Seventh Circuit. 368 F.3d at 732. This is a crucial distinction from the facts here – BAC Home

Loans does not take the position (nor could it, in light of *Randolph* and its progeny) that the Bankruptcy Code preempts the FDCPA; rather, BAC Home Loans asserts that there is a provision in the Bankruptcy Code and a provision in the FDCPA that are in direct conflict and that compliance with both is impossible.

In *Randolph*, Judge Easterbrook supported BAC Home Loans' position when he stated that the court would have reached a different result if the statutes at issue were in "irreconcilable conflict." 368 F.3d at 730. In *Randolph*, there was no "irreconcilable conflict" because although the FDCPA provided more substantial sanctions than the bankruptcy code (for sending improper dunning letters), it would be "easy to enforce both statutes, and any debt collector can comply with both simultaneously." *Id.* In stark contrast, there is a conflict here between the applicable provisions. By sending the Validation Notice to Plaintiff, BAC Home Loans would have violated Section 362(a), which prevents any action by creditors, to "collect, assess, or recover a claim against the debtor… ." Section 362(a)(6). By its own terms, Section 362(a)(6) applies to "any act" and "prevents creditors from attempting in any way to collect a pre-petition debt." *Id.* Sending the Validation Notice would have violated the Section 392(a) automatic stay because it would be "yet another step forward in the statutorily created collection process," and would "amount[] to pressure on the debtor to pay." *Maloy v. Philips*, 197 B.R. 721, 722 (M.D. Ga. 1996).

C. **Courts that have analyzed the conflict between Section 1692g and Section 362(a) provide support for BAC Home Loans' position.**

The *Randolph* court was not faced with conflicting statutory provisions, as occurs in this case. In sharp contrast, the courts that have addressed the clashing requirements of Sections 392(a) and 1692g have acknowledged that a creditor is faced with a "Hobson's choice" or a "Catch-22." *See e.g.*, Alane A. Becket, *An Uneasy Harmony: The Intersection of the Bankruptcy*

*Code and the Fair Debt Collection Practices Act*, 21-2 AM. BANKR. INST. JOURNAL, 21-2 (2002); *Maloy*, 197 B.R. at 723.  (Section 362(a)(6) prohibits a collector from sending the Section 1692g notice); *Buckley v. Bass & Associates*, Case No. 99 C 4044, 2000 U.S. Dist. LEXIS 10306 (N.D. Ill. July 14, 2000) (same); *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, 1999 U.S. Dist. LEXIS 6933, *5 (N.D. Ill. April 19, 1999) (same).

Plaintiff's only response to *Maloy* is that the defendant in that case had sent a communication to the debtor prior to the bankruptcy filing, unlike here, where BAC Home Loans sent Plaintiff the Servicing Notice after his bankruptcy filing.  This distinction has no bearing on the holding of *Maloy* – regardless of when the initial communication was sent to the borrower, the Section 1692g communication was barred by Section 362(a).  197 B.R. at 723.  Moreover, Plaintiff states that "defendants cite *Maloy* for the proposition, not that they could *cease* communication, but that they could *continue communications while omitting the §1692g notice*." (Response, p. 6 (emphasis in original).)  This statement is completely erroneous and BAC Home Loans does not cite *Maloy* for this proposition at all.  Rather, BAC Home Loans cites *Maloy* for the proposition that sending the Validation Notice would have violated the automatic stay provisions of the bankruptcy code.  (Memorandum, pp. 5-7.)  *Maloy*, not *Randolph*, is directly on point, and Plaintiff offers no response to the central holding of that seminal case.[1]

C.  **The Servicing Notice was not a debt collection communication that triggered the five-day period within which to send the Validation Notice.**

Finally, Plaintiff appears to misunderstand BAC Home Loans' argument about the Servicing Notice not qualifying as a "debt collection" communication.  Plaintiff refers to cases

---

[1]  Plaintiff's response to the other cases BAC Home Loans cites for this proposition fare no better. Plaintiff states, without more, that *Buckley* and *Baldwin* predate *Randolph*, which "supersedes their analysis." (Response, p. 7.)  However, as discussed above, *Randolph* has no bearing on the facts of this case and, if anything, the court's discussion of "irreconcilable conflict" supports BAC Home Loans' position, not Plaintiff's.

where defendants tried to argue that the disputed debt was not in default in order to avoid liability under the FDCPA.  *See* Response, p. 8-9; *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003); *Alibrandi v. Financial Outsourcing Servs.*, 333 F.3d 82 (2d Cir. 2003). BAC Home Loans is not making this assertion – nor could it, since there is no dispute that Plaintiff is in default (and he filed a Chapter 13 bankruptcy petition).  Instead, BAC Home Loans argues that the Servicing Notice is not a debt collection communication because it does not relate to the <u>collection</u> of a debt.[2]  (Motion, ¶ 3.)  Since the Servicing Notice was not a debt collection communication, the five-day period under Section 1692g was never triggered and BAC Home Loans had no obligation to send Plaintiff the Validation Notice.

BAC Home Loans was required by law to send Plaintiff the Servicing Notice in order to notify him in writing of the transfer of the servicing of his loan.  12 U.S.C § 2605(b).  RESPA requires that a transferee of a loan (like BAC Home Loans) "shall notify the borrower of any such assignment, sale, or transfer . . . not more than 15 days after the effective date of transfer of the servicing of the mortgage loan . . . ."  12 U.S.C. §§ 2605(c)(1), (c)(2)(A).

RESPA provides that the servicing notice shall include the following information, all of which is contained in the Servicing Notice:

> (A) The effective date of transfer of the servicing described in such paragraph.
>
> (B) The name, address, and toll-free or collect call telephone number of the transferee servicer.
>
> (C) A toll-free or collect call telephone number for (i) an individual employed by the transferor servicer, or (ii) the department of the transferor servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.

---

[2]  While the Servicing Notice includes the statement, "this communication is from a debt collector," and also included a payment coupon, BAC Home Loans has cited authority, not disputed by Plaintiff, that the inclusion of "debt collector" language and self-identification as a debt collector does not determine whether or not the company is acting as a debt collector.  Moreover, the Servicing Notice specifically stated that it was for informational purposes for debtors, like Plaintiff, who were in  bankruptcy. (Memorandum, pp. 4, 8, and cases cited therein.)

(D) The name and toll-free or collect call telephone number for (i) an individual employed by the transferee servicer, or (ii) the department of the transferee servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.

(E) The date on which the transferor servicer who is servicing the mortgage loan before the assignment, sale, or transfer will cease to accept payments relating to the loan and the date on which the transferee servicer will begin to accept such payments.

(F) Any information concerning the effect the transfer may have, if any, on the terms of or the continued availability of mortgage life or disability insurance or an other type of optional insurance and what action, if any, the borrower must take to maintain coverage.

(G) A statement that the assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the security instruments other than terms directly related to the servicing of such loan.

12 U.S.C. § 2605(b)(3); *see also* Complaint, Ex. A.  The Servicing Notice serves a different purpose than the Validation Notice – it is intended to notify the borrower of the transfer of mortgage loan servicing, welcome the borrower to the new servicer and advise him of his new servicer's contact information, including where he may send his scheduled monthly mortgage payments or address any other questions.  *Id.*  As such, it is not a debt collector communication that triggers liability under the FDCPA.

Plaintiff suggests that BAC Home Loans should have simply added the Validation Notice information to the Servicing Notice in order to comply with the FDCPA, but this argument fails for two reasons.  First, there is no requirement under RESPA to include debt collection language in the Servicing Notice and to do so might result in arguments that the Servicing Notice was not compliant or otherwise was confusing.  Second, as the Servicing Notice is simply a notice regarding transfer of a borrower's servicing account, the Bankruptcy Code does not prohibit its issuance (and, as set forth above, RESPA requires its issuance).  The Validation Notice is an

individualized notice containing specific information about each debtor's loan and amounts due. As discussed above, including the Validation Notice information in the Servicing Notice would have amounted to "debt collection" activity that is not permitted under the Bankruptcy Code.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants, BAC Home Loans Servicing, L.P. and BAC GP, LLC, respectfully request that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and order such other and further relief as is just and necessary.

Dated: December 29, 2009                        Respectfully submitted,

                                                       BAC Home Loans Servicing, L.P. and
                                                       BAC GP, LLC


                                                       By: __/s/ Derek S. Holland_____
                                                           Derek S. Holland
                                                           Attorney No.: 6285564

Derek S. Holland
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago, IL  60601
(312) 602-5000 (tel)
(312) 602-5050 (fax)
derek.holland@bryancave.com

*and*

F. Joseph Jaskowiak
HOEPPNER WAGNER & EVANS LLP
1000 East 80th Place, 6th Floor South
Merrillville, IN  46410
(219) 769-6652 (tel)
(219) 738-2349 (fax)
jjaskowiac@hwelaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record on the 29th day of December, 2009, through the court's electronic filing system, as follows:

Michael McIlree / mcilree1@aol.com

The undersigned further certifies that on the 29th day of December, 2009 a true and correct copy of the foregoing document was sent, via U.S. Mail, postage prepaid, upon the following:

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle St., 18th Floor
Chicago, Illinois  60603

By: __/s/ Derek S. Holland_____
      Derek S. Holland